J. H. HERMAN, Appellant, v. LOUISA ENGSTROM, Appellee.

**VENDOR AND PURCHASER:** Construction and Operation of Contract—Inconsistent Provisions As To Title. A purchaser may not insist on a "marketable" title, in accordance with the *printed* provisions of a blank form of contract, when the *typewritten* provisions very clearly provide for a title of lesser quality.

**PUBLIC LANDS:** Patents—Invalid Reservation in Land Grant. Principle reaffirmed that the insertion in a patent issued by the Federal government, under a public improvement grant, of a clause "excepting and reserving all mineral lands" is, in the absence of fraud, a nullity, even though the grant itself did except mineral lands.

**VENDOR AND PURCHASER:** Construction and Operation of Contract—Reservation As To Title—Effect. A purchaser of land who buys under explicit contract provision and notice that his vendor has no right to the "coal, oil, and minerals underlying said premises," because the same were reserved in the deed of a former specifically named grantor, is, in the absence of fraud, charged with notice of the full details of such former reservation.

Headnote 1:  39 Cyc. p. 1447 (Anno.)  Headnote 2:  39 Cyc. p. 1452. Headnote 3:  39 Cyc. p. 1511.

Headnote 1:  38 L. R. A. (N. S.) 7; 27 R. C. L. 483.

*Appeal from Boone District Court.*—SHERWOOD A. CLOCK, Judge.

JULY 1, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Suit in equity, to rescind a contract of sale of real estate, and to recover the purchase money paid. The defendant denied the right of rescission. There was a decree dismissing the petition at plaintiff's cost, and plaintiff has appealed.—*Affirmed.*

*T. J. Mahoney* and *F. L. Mackey,* for appellant.

*Dyer, Jordan & Dyer,* for appellee.

EVANS, C. J.—The contract of sale was entered into between the parties in May, 1919, and involved a purchase and sale of the defendant's interest in certain 160 acres of land in Adams County, Colorado. The purchase price was fixed at $2,300, payable in installments. The last installment, of $600, was to be paid May 1, 1924, and deed was to be delivered at that time. All installments were paid except the last. The ground of rescission urged by the plaintiff is that the defendant did not have a marketable title, and that the contract of sale was thereby breached.

1. VENDOR AND PURCHASER: construction and operation of contract: inconsistent provisions as to title.

In the making of their contract, the parties used a blank form of real estate contract. Into this blank form certain typewritten stipulations were incorporated. The ground of rescission urged by the plaintiff is predicated mainly upon certain printed provisions in said blank form; whereas the defendant relies upon the typewritten stipulations of such contract.

The contract described the subject-matter of the sale as follows:

"The parties of the first part hereby agree to sell to the party of the second part, on the performance of the agreement of the party of the second part, as hereinafter mentioned, all their right, title, and interest in and to the real estate situated in the county of Adams and state of Colorado, to wit: [describ-

ing land] for the sum of twenty-three hundred ($2,300.00) dollars, payable as hereinafter mentioned, and the said party of the second part in consideration of the premises, hereby agrees to and with the parties of the first part, to purchase all their right, title, and interest in and to the real estate described, for the sum of twenty-three hundred ($2,300.00) dollars, and to pay the said sum therefor to the parties of the first part, their heirs or assigns as follows:''

The following proviso was typewritten into the contract:

''Abstract of title to be furnished by the second party at his own cost. It is understood that the deed by which first party received the title to the premises, above described, reserved the oil, coal and minerals underlying said premises to the Union Pacific Land Company, and the deed to be delivered by the first parties to second party shall except the rights of said company in and to the coal, oil and minerals underlying said premises.''

The defendant had received her title through the Union Pacific Land Company, as grantor, and her deed therefor contained the following reservations:

''Excepting and reserving:

''1st. All oil, coal and other minerals within or underlying said land;

''2nd. The exclusive right to prospect in and upon said land for oil, coal and other minerals therein or which may be supposed to be therein, and to mine for and remove from said land all oil, coal and other minerals which may be found thereon by anyone;

''3rd. The right to ingress, egress and regress from said land to prospect for, mine and move away any and all such oil, coal or other minerals, and the right to use so much of this land as may be convenient or necessary for the right of way through and over such prospecting places or mine, and for the convenient and proper operation of such prospecting place, mine, and for roads and approaches thereto, or for removal therefrom of oil, coal, minerals, machinery or other material.''

The contention for the plaintiff is that the foregoing reservations are broader than the provisions of the contract, and that they render the defendant's title non-marketable.

In support of this contention, the plaintiff relies upon the following printed portion of the contract:

"But if said sums of money, interest and taxes are paid as aforesaid, promptly as aforesaid, the parties of the first part will on receiving said money and interest execute and deliver at their own cost and expense a deed of said premises as above described with abstract showing marketable title free from incumbrance."

The argument for plaintiff is that a marketable title, as defined by the courts, is one which an ordinarily prudent purchaser of real estate would accept. Manifestly, a marketable title implies a fee-simple title, and it implies title to the whole of the real estate, and a title free from reservations and incumbrances.

If the plaintiff is entitled to rely upon this provision of the contract, it would seem clear that the defendant's title was not a complete title, was not a fee-simple title, was not free from reservations and incumbrances.

It is quite manifest that the provisions of the contract are contradictory to each other. This printed proviso relied on by the plaintiff is contradictory to the typewritten portion of the contract. Under the statute, the typewritten portion of the contract controls. It represents the real agreement of the parties, and the contract must be so construed. The defendant did not purport to be conveying a fee-simple title, nor a title free from reservations, nor a marketable title, in the sense in which the term is ordinarily used. The title which she had was, nevertheless, valuable. But her ownership was limited, and subject to reservation. She undertook to convey only her right, title, and interest. She declared the source of her title, and that it was subject to reservations. She expressly excepted from her covenant the "rights" of the Union Pacific Land Company in and to the coal, oil, and minerals.

Clearly, therefore, the plaintiff is not entitled to insist upon a "marketable title," in the ordinary definition of that term; nor is he entitled to a title free from incumbrance, if the reserved "rights" of the Union Pacific Land Company are to be deemed incumbrances.

I. The plaintiff predicates further objection to the title on the ground that the original patent issued to the Union Pacific Land Company contained the following reservation: "Reserving

2. PUBLIC LANDS: and excepting all mineral land, but not except-
patents: invalid
reservation in ing coal and iron.'' The argument at this
land grant. point is that the government never purported to
include in its patent any mineral land, but expressly reserved
from the patent all mineral land; and that there is nothing of
record to show that the land in question is not mineral land.

It is assumed by both sides that the real estate in question
was a part of a land grant in aid of a public improvement.
Under the Federal statutes in force at the time, the land office
was not permitted to include in any conveyance or patent, min-
eral lands. For that reason, it seems to have become the custom
of the land office to incorporate in all its patents the reservation
above quoted. The contention of plaintiff is that, if this partic-
ular real estate should prove to be mineral land, the patent would
fail. The argument is not tenable. It was fully disposed of by
the Supreme Court of the United States in *Burke v. Southern
Pac. R. Co.*, 234 U. S. 669, 699 (58 L. Ed. 1527). It was there
expressly held that, in the absence of fraud, the patent became
conclusive, and the reservation nugatory.

II. It is further contended that the reservations contained
in the deed under which defendant holds title are broader and
more burdensome than the reservations stated in the contract of
3. VENDOR AND sale. There is no claim of deceit or misrepre-
PURCHASER: sentation or mistake. The plaintiff relies
construction and
operation of strictly upon the breach of the covenants of the
contract: reser-
vation as to contract. The contract provided for no war-
title: effect. ranty of title. It expressed no specific covenant
of title. It purported to sell only the right, title, and interest
actually owned by the defendant. The plaintiff undertook to
procure, at his own cost, his own abstract. The contract did not
purport to contain a copy of the reservations made by the Union
Pacific Land Company, except by reference to the deed itself.
The reference to the reservations in the deed was in general
terms, and was sufficient notice to the plaintiff to put him upon
inquiry by reference to the deed itself. The contract implied
that the defendant neither could nor would convey more than
she had received from the Union Pacific Land Company. In the
absence of fraud or mistake, the limitations upon the defendant's
title were sufficiently defined by her reference to her deed, which
was of record. Its literal contents were as ascertainable to the

plaintiff then as they ever have been since. There was, therefore, no breach of the contract at this point. If there had been fraud or misrepresentation, a different question would be presented.

It is conceded by plaintiff that the reservation of coal, oil, and mineral "rights" carried with these "rights" certain surface privileges. Such privileges concededly approximate those actually reservod. The claim, however, is that the actual reservations in the prior deed carried greater surface privileges than the law would award in their absence, and that they were, therefore, more burdensome. In view of the conclusion already expressed, we need not consider this particular feature.

Eliminating the printed provision, which is contradictory to the typewritten provision, we hold that no breach of the contract is shown by plaintiff.

The decree dismissing his petition was, therefore, properly entered, and it is affirmed.—*Affirmed.*

DE GRAFF, ALBERT, MORLING, and KINDIG, JJ., concur.